UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN Q. JULIEN; and | ) | |
| JQ'$ MOBILE TAX SERVICE, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, for its complaint against the defendants, John Q. Julien

and JQ'$ Mobile Tax Service, L.L.C., alleges as follows:

### NATURE OF ACTION

1.      The United States brings this civil action to permanently enjoin John Q. Julien

and JQ'$ Mobile Tax Service, L.L.C. ("JQ Mobile") (collectively, "Defendants") from:

(a)      Preparing, assisting in the preparation of, or directing the preparation of

federal tax returns, amended returns, or other tax-related documents and forms, including any

electronically submitted tax returns or tax-related documents, for any entity or person other than

themselves;

(b)      Filing, assisting in the filing of, or directing the filing of federal tax

returns, amended returns, or other tax-related documents or forms, including any electronically

submitted tax returns or tax-related documents, for any entity or person other than themselves;

(c)      Owning, managing, controlling, working for, profiting from, or

volunteering for any business or entity engaged in tax return preparation;

(d)     Transferring, selling, or assigning their customer lists and/or other customer information;

(e)     Engaging in activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701; and

(f)     Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## JURISDICTION AND VENUE

2.     This action is authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and is commenced at the direction of the Attorney General of the United States in accordance with 26 U.S.C. §§ 7407 and 7408.

3.     This Court has jurisdiction over this action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

4.     Venue is proper in this Court pursuant to 26 U.S.C. §§ 7407(a) and 7408(a) and 28 U.S.C. § 1391 because Defendants prepare tax returns within this judicial district, reside in this judicial district, and a substantial part of the events giving rise to this claim occurred within this judicial district.

## DEFENDANTS

5.     Julien is a paid "tax return preparer" as defined by 26 U.S.C. § 7701, who resides at 2136 Pebble Beach Drive, LaPlace, Louisiana.

6.     Although Julien has been preparing tax returns for customers since at least 2013, he is not a registered return preparer with the IRS, and never obtained a Preparer Tax

Identification Number ("PTIN").  A PTIN is an identification number the IRS issues to return preparers that they must use to identify themselves on returns they prepare for compensation. Julien's failure to identify himself on returns he prepares for others is conduct subject to penalty under 26 U.S.C. § 6695(c).

7.      On or about October 20, 2015, Julien formed JQ Mobile as a single member LLC by filing JQ Mobile's Articles of Incorporation with the Louisiana Secretary of State's office. According to records maintained by the Louisiana Secretary of State, JQ Mobile shares the same address as Julien.

8.      Julien performs all professional services at JQ Mobile himself.  The professional services consist primarily of the seasonal preparation of Form 1040 federal income tax returns for customers.  Julien's conduct in preparing returns is attributable to JQ Mobile, which can only act through its member.

9.      JQ Mobile does not have an Electronic Filing Identification Number ("EFIN") from the IRS.  An EFIN is an identification number the IRS issues to return preparers who have completed an e-file application and passed a suitability check.  The EFIN is used to electronically file returns for customers.  Instead of an EFIN, Defendants use a service called "FreeTaxUSA.com" to file returns as if the customers prepared and filed their returns themselves.

<u>DEFENDANTS' ACTIVITIES</u>

10.     Julien operates his business as a "ghost preparer."  He does not sign the tax returns he prepares for others, does not use a PTIN or EFIN, and does not identify himself in any way on the returns he prepares for others.

3

11.     This prohibited practice hinders the IRS's ability to identify off-the-grid tax return preparers who prepare tax returns that make false or fraudulent claims on behalf of their customers.

12.     The IRS discovered Julien as a ghost preparer when it audited two taxpayers whose returns made unsupported claims.  Although the returns appeared to be self-prepared, during the audit the taxpayers identified Julien as the preparer.

13.     Further investigation revealed that Defendants prepared at least 239 federal income tax returns in 2017 (for the 2016 tax year) and prepared at least 260 federal income tax returns in 2018 (for the 2017 tax year).  The IRS examined some of these returns and found that Julien knowingly takes unreasonable positions on many, if not all, of the returns he prepares for customers.  Julien's false or fraudulent claims result in understatements of the tax his customers owe and/or overstatements of the refunds they are entitled to receive.

14.     Julien's abusive practices are illustrated by the below examples.  To protect the identities of individual customers, the complaint refers to customers by number, *e.g.*, Customer 1, etc.  A Customer Key, which identifies each customer by name and social security number, will be served with the summons and complaint.

### A.  Ghosting

15.     As noted above, Julien does not identify himself on the tax returns he prepares in an attempt to prevent the IRS from discovering both the number of returns he prepares ***and*** the fraudulent deductions he claims for his customers.

16.     Specifically, Julien does not sign the returns that he prepares, in violation of IRC § 6695(b).  Nor does he identify himself by either his social security number or a PTIN, in violation of IRC § 6695(c).

17.     Instead, Julien digitally signs his customers' tax returns using a five-digit PIN associated with the taxpayer, even though he does not have a power-of-attorney for his customers and his customers do not sign IRS Form 8879 that authorizes Defendants to file returns on their behalf.

18.     During the IRS's investigation of Defendants' activities, Julien misled the IRS about the volume of returns he prepares by stating that he only prepares between 40-50 tax returns each year.  In actuality, Defendants prepared nearly 500 returns for customers from the beginning of tax filing season in 2017 to the end of the season in 2018.  Julien concealed his identity as the preparer to avoid the IRS's ability to attribute to him, fabricated claims he made to intentionally understate the tax his customers owed and the refunds claimed on the returns he prepared.

19.     Indeed, during the IRS's investigation, Julien expressed surprise at the IRS's ability to identify the tax returns that he prepared for others.

**B.  Fabricated Long-Term Capital Losses**

20.     Many of the returns that Julien prepares falsely claim deductions for long-term capital losses that his customers never incurred.  Julien fabricates these losses which he then claims as a long-term capital loss carryover deduction on his customers' returns without their knowledge or consent.

21.     A long-term capital loss carryover deduction occurs when a taxpayer incurs a long-term capital loss in excess of $3,000.  The taxpayer may only deduct $3,000 in the year of occurrence, but is allowed to carryover the loss to future tax years and deduct the loss at the rate of $3,000 per year until it is exhausted.

22.     Julien routinely fabricates long-term capital loss carryover deductions on his customers' tax returns to reduce their taxable income.

23.     An overwhelming percentage of returns prepared in 2018—230 of 260—claimed net carryover capital losses.  The majority of those returns claimed capital loss deductions for the maximum allowable amount of $3,000.  Julien's customers confirmed that the deductions were improper.

24.     The IRS interviewed 23 of Julien's customers that claimed the capital loss carryover deduction on their return in 2018.  Of those customers, 19 confirmed that: (1) they did not have a long-term carryover capital loss; (2) they did not tell Julien that they had such a loss; and that (3) Julien claimed the long-term carryover capital loss deduction on their return without their knowledge or consent.

25.     For example, Customer 1 used Julien's tax preparation service in 2018.  Julien claimed a long-term capital loss carryover deduction of $3,000 on Customer 1's 2017 income tax return.  Customer 1 did not have a long-term capital loss carryover and never told Julien that he had a capital loss.  As a result of the improper deduction, Customer 1 received a refund of $1,173 that he was not entitled to claim.  Customer 1 paid Julien $250 or $300 in cash to prepare his return.

26. Customer 2 used Julien's tax preparation service in 2018. Julien claimed a long-term capital loss carryover deduction of $3,000 on Customer 2's 2017 income tax return. Customer 2 did not have a long-term capital loss carryover and never told Julien that he had a capital loss. As a result of the deduction, Customer 2 received an overstated refund of $4,112. Customer 2 paid Julien $200 to prepare his return.

27. This scheme is particularly invidious because a long-term capital loss carryover deduction is based on a transaction from the prior year, and reported in the year the loss is incurred. Thus, the propriety of the long-term capital loss carryover cannot be readily evaluated from the carryover year's return.

28. Defendants' practice of claiming fraudulent long-term capital loss carryover deductions for customers is both longstanding and pervasive. Julien claimed a long-term capital loss carryover deduction on returns he prepared for Customer 3 for five consecutive years (2013, 2014, 2015, 2016, and 2017). Customer 3 was not entitled to claim a long-term capital loss carryover in any of those years, and he never told Julien that he ever incurred a capital loss. The fabricated deductions allowed Customer 3 to increase the amount of the refund he claimed in each year.

29. Defendants' scheme was particularly prevalent in 2017 and 2018. And, despite investigation by the IRS, Julien continued to prepare improper returns. However, given Julien's ghost preparation practice, it is difficult–if not impossible–to identify how many returns Julien prepared and for what years.

## HARM TO THE UNITED STATES

30.     Defendants' activities harm the United States in a variety of ways. Defendants' pattern of preparing returns that understate their customers' taxes and/or overstate their refunds, through the schemes described above, has resulted in the loss of significant federal tax revenue.

31.     In many instances, Defendants' understatement of their customers' liabilities cause the United States to issue refunds that the customers were not entitled to receive.

32.     In addition to lost tax revenue, the United States has had to bear the substantial cost of examining returns Defendants have prepared and collecting the understated liabilities from their customers.  These costs are multiplied because Julien's pattern of ghost filing returns makes it difficult for the IRS to investigate Julien's activity and impossible to determine the exact number of returns or the extent of the harm to the United States.

33.     The harm Defendants cause is not limited to the adverse monetary impact attributable to tax returns that fraudulently understate customers' tax liabilities and overstate their refunds.  Defendants' activities also undermine taxpayers' confidence in the federal tax system because Defendants' customers trust—and pay—Defendants to prepare honest returns.  Defendants betray that trust and harm their customers, who must foot the bill for the deficiencies and, potentially, interest and penalties resulting from Defendants' conduct.

## COUNT I: INJUNCTION UNDER 26 U.S.C. § 7407 FOR CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. §§ 6694, 6695

34.     The United States incorporates by reference the allegations in paragraphs 1 through 33.

35.     Section 7407 of the Internal Revenue Code authorizes a district court to enjoin a person who is a tax return preparer from engaging in certain conduct or from further acting as a tax return preparer.  The prohibited conduct justifying an injunction includes, *inter alia*, the following:

(a)     Engaging in conduct subject to penalty under 26 U.S.C. § 6694(a), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to an unreasonable position that the preparer knew or should have known was unreasonable;

(b)     Engaging in conduct subject to penalty under 26 U.S.C. § 6694(b), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to willful or reckless conduct;

(c)     Engaging in conduct subject to penalty under 26 U.S.C. § 6695(b), which penalizes a tax return preparer who fails to sign a return;

(d)     Engaging in conduct subject to penalty under 26 U.S.C. § 6695(c), which penalizes a tax return preparer who fails to furnish his identifying number as required under 26 U.S.C. § 6109(a); and

(f)     Engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

36.     In order for a court to issue such an injunction, the court must find that:

(a)     The tax return preparer engaged in the prohibited conduct; and

(b)     Injunctive relief is appropriate to prevent the recurrence of such conduct.

37.     If a return preparer's conduct is continual or repeated and the court finds that a narrower injunction would not be sufficient to prevent the preparer's interference with the proper administration of the internal revenue laws, the court may permanently enjoin the person from acting as a tax return preparer.  *See* 26 U.S.C. § 7407(b).

38.     Defendants have engaged in conduct subject to penalty under 26 U.S.C. § 6695(b)-(c) by willfully failing to sign those tax returns which they prepared and failing to provide an identifying number or otherwise identify themselves on returns they prepare and file for others.

39.     Defendants have also continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 by preparing returns that understate the customers' tax liabilities and/or overstate their refunds.  As described above, Defendants have prepared returns that claim deductions to which their customers are not entitled.  Defendants have done so with the knowledge that the positions they took on the returns were unreasonable and lacked substantial authority.  Defendants have thus engaged in conduct subject to penalty under 26 U.S.C. § 6694(a).

40.     Additionally, Defendants have engaged in conduct subject to penalty under 26 U.S.C. § 6694(b) by willfully understating customers' liabilities and acting with a reckless and intentional disregard of rules and regulations.

41.     Defendants' conduct substantially interferes with the administration of the internal revenue laws.  Injunctive relief is necessary to prevent this misconduct because, absent an injunction, Defendants are likely to continue preparing false federal tax returns.

42.     A narrower injunction would be insufficient to prevent Defendants' interference with the administration of the internal revenue laws.  Defendants prepare returns understating the customers' liabilities through schemes that report false information on their customers' tax returns and hide Defendants' involvement in the tax preparation.  In addition, the IRS may not yet have identified all of the schemes used by Defendants to understate liabilities.  Failure to permanently enjoin Defendants will require the IRS to spend additional resources to uncover all of their future schemes.  The harm resulting from these schemes includes both the expenditure of these resources and the revenue loss caused by the improper figures Defendants claim on returns they prepare.  Accordingly, only a permanent injunction is sufficient to prevent future harm.  Each Defendant should be enjoined from acting as a tax return preparer.

### COUNT II:  INJUNCTION UNDER 26 U.S.C. § 7408 FOR CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. § 6701

43.     The United States incorporates by reference the allegations contained in paragraphs 1 through 33.

44.     Section 7408 of the Internal Revenue Code authorizes a district court to enjoin any person from engaging in conduct subject to penalty under 26 U.S.C. § 6701, which penalizes a person who aids or assists in the preparation of tax returns that the person knows will result in an understatement of tax liability.

45.     Defendants have engaged in conduct subject to penalty under 26 U.S.C. § 6701 by preparing tax returns that claim deductions and/or expenses that they knew to be improper, false and/or inflated.

11

46.     Defendants' repeated actions fall within 26 U.S.C. § 7408, and injunctive relief is appropriate to prevent recurrence of this conduct.

## COUNT III:  INJUNCTION UNDER 26 U.S.C. § 7402 FOR UNLAWFUL INTERFERENCE WITH THE ENFORCEMENT OF INTERNAL REVENUE LAWS

47.     The United States incorporates by reference the allegations contained in paragraphs 1 through 33.

48.     Section 7402(a) of the Internal Revenue Code authorizes a court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

49.     Defendants have repeatedly and continually engaged in conduct that interferes substantially with the administration and enforcement of the internal revenue laws.

50.     If Defendants continue to act as tax return preparers, their conduct will result in irreparable harm to the United States, and the United States has no adequate remedy at law.

51.     Defendants' conduct has caused and will continue to cause substantial tax losses to the United States Treasury, much of which may be undiscovered and unrecoverable. Moreover, unless Defendants are enjoined from preparing returns, the IRS will have to devote substantial and unrecoverable time and resources auditing their customers individually to detect understated liabilities and overstated refund claims.

52.     The detection and audit of erroneous tax deductions and other claims made on returns prepared by Defendants would be a significant burden on IRS resources.

WHEREFORE, the United States prays for the following relief:

A.      That the Court find that Defendants have repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. § 6694, 6695, and that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent recurrence of that conduct;

B.      That the Court find that Defendants have repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. § 6701 and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent recurrence of that conduct;

C.      That the Court find that Defendants have repeatedly and continually engaged in conduct that substantially interferes with the proper enforcement and administration of the internal revenue laws and that injunctive relief is appropriate under 26 U.S.C. § 7402(a) to prevent recurrence of that conduct;

D.      That the Court enter a permanent injunction prohibiting Defendants and any other persons working in concert or participation with them from directly or indirectly:

(1)      Preparing, assisting in the preparation of, or directing the preparation of federal tax returns, amended returns, or other tax-related documents or forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than themselves;

(2)      Filing, assisting in the filing of, or directing the filing of federal tax returns, amended returns, or other tax-related documents or forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than themselves;

(3)      Owning, managing, controlling, working for, profiting from, or volunteering for any business or entity engaged in tax return preparation;

(4)     Transferring, selling, or assigning their customer lists and/or other customer information;

(5)     Engaging in activity subject to penalty under 26 U.S.C. §§ 6694, 6695 and 6701; and

(6)     Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

E.     That the Court enter an injunction requiring Defendants, at their own expense:

(1)     To send by certified mail, return receipt requested, a copy of the final injunction entered against Defendants in this action, as well as a copy of the Complaint setting forth the allegations as to how Defendants fraudulently prepared federal tax returns, to each person for whom Defendants prepared federal tax returns or any other federal tax forms after January 1, 2017, within 30 days of entry of the final injunction in this action;

(2)     To provide the United States a list of the names, Social Security numbers, addresses, phone numbers, and email addresses of each person for whom Defendants prepared tax returns, other tax forms, or claims for refund after January 1, 2017, within 30 days of entry of the final injunction in this action;

(3)     To prominently post a copy of the injunction on Defendants' website, if any, and in Defendants' place of business, if any, where they prepared tax returns, within 10 days of entry of the final injunction in this action;

(4)     To deliver a copy of the injunction to any employees, contractors and vendors of Defendants, if any, within 30 days of entry of the final injunction in this action;

14

(5)     To file a sworn statement with the Court evidencing Defendants'
compliance with the foregoing directives within 45 days of entry of the final injunction in this
action; and

(6)     To keep records of Defendants' compliance with the foregoing directives,
which may be produced to the Court, if requested, or the United States pursuant to paragraph F,
below;

F.     That the Court enter an order allowing the United States to monitor Defendants'
compliance with the injunction and to engage in post-judgment discovery in accordance with the
Federal Rules of Civil Procedure; and

G.     That the Court grant the United States such other and further relief as the Court
deems appropriate.

Dated February 5, 2020.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

By:     /s/ *Aaron C. Brownell*
Aaron C. Brownell
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Washington, D.C. 20044
Telephone: (202) 514-6070
Aaron.C.Brownell@usdoj.gov

Of Counsel:
PETER G. STRASSER
United States Attorney

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

JOHN Q. JULIEN; and JQ'S MOBILE TAX SERVICE, L.L.C.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   St. John the Baptist Parish
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

see attached

Attorneys *(If Known)*

unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC Section(s) 7407, 7408

Brief description of cause:
This is an action to permanently enjoin defendants from preparing tax returns

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.C.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE 2/5/20

SIGNATURE OF ATTORNEY OF RECORD

---

FOR OFFICE USE ONLY

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Civil Cover Sheet Attachment

Plaintiff's Attorney

United States Department of Justice, Tax Division
Aaron C. Brownell
P.O. Box 14198
Washington, D.C. 20044
Phone: 202.514.6070
Fax: 202.514.4963

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| JOHN Q. JULIEN; JQ'$ MOBILE TAX SERVICE, L.L.C. | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  JQ'$ Mobile Tax Service, L.L.C.
c/o John Q. Julien
2136 Pebble Beach Drive
Laplace, Louisiana 70068

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  United States Department of Justice, Tax Division
Aaron C. Brownell
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| UNITED STATES<br><br>_____<br>*Plaintiff(s)*<br>v.<br>JOHN Q. JULIEN; JQ'$ MOBILE TAX SERVICE, L.L.C.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   John Q. Julien
2136 Pebble Beach Drive
Laplace, Louisiana 70068

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   United States Department of Justice, Tax Division
Aaron C. Brownell
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: